UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAUN WANZO,

    Petitioner,

    v.                                          Case No. 06-C-1112

STATE OF WISCONSIN,

    Respondent.

**RECOMMENDATION TO DISTRICT JUDGE ON RULE 4 REVIEW**

On October 25, 2006, the petitioner, Shaun Wanzo ("Wanzo"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Accompanying his petition is an application to proceed in forma pauperis. According to his petition, Wanzo is currently in the custody of the State of Wisconsin, having been sentenced on May 11, 2006, to serve two years confinement and two years extended supervision after having been convicted in the Milwaukee County Circuit Court of possession with intent to deliver THC and possession of a firearm by a convicted felon. An application for a writ of habeas corpus may be granted on the grounds that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A cursory review of his petition, however, reveals that Wanzo is not challenging the constitutionality of his confinement. Rather, he seems to be seeking the return of $7,207.00 in currency which has been (or is in the process of being) forfeited to the government. As such, Wanzo's petition must be dismissed as the relief which he seeks is not that which is available to him under 28 U.S.C. § 2254.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

Given that Wanzo is not seeking relief available to him under § 2254, it follows that his petition for a writ of habeas corpus should be dismissed without prejudice. Thus, it is recommended that the district judge dismiss Wanzo's petition without prejudice.[1] It is also recommended that Wanzo's application to proceed in forma pauperis be denied.

**NOW THEREFORE IT IS RECOMMENDED** that Wanzo's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that Wanzo's application to proceed in forma pauperis be **DENIED**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) - (C), Federal Rule of Criminal Procedure 59(b)(2), and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of the date of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's

---

[1] Dismissing Wanzo's petition without prejudice would not seem to call into play the provisions of 28 U.S.C. § 2244(b)(3)(A), in the event that Wanzo were to file a habeas corpus petition in the future challenging the legality of his confinement. *See Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003).

2

electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to object in accordance with the rules cited herein waives your right to review.

**SO ORDERED** this 27th day of October 2006, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge